STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MOHIT GOURISARIA (CABN 320754)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Mohit.Gourisaria@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JARAY WASHINGTON,<br>a/k/a Jaray Anthony Washington,<br>a/k/a Ore Washington,<br>a/k/a Stanley Davon Edwards,<br>a/k/a Chris Shelters,<br>a/k/a Andre Shelters,<br>a/k/a Neal Eric,<br>a/k/a Albert Washington,<br><br>    Defendant. | NO. 20-CR-332 SI<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Judge:  Hon. Susan Illston<br>Date:   March 15, 2022<br>Time:  11:00 a.m. |

## I.   INTRODUCTION

      Jaray Washington has a history of being armed and dangerous, and an unbroken, decades-long pattern of lying to and successfully evading law enforcement. At 40 years of age, Washington has already received cumulative adult sentences that tally to 20 years in prison. Yet he has continued to disregard the law. On October 29, 2021, Washington entered an open plea to the sole count charged in

U.S. SENTENCING MEMORANDUM        1
20-CR-332 SI

the captioned indictment: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

Based on the nature of the offense in this case and the defendant's criminal history, the government believes that a sentence within the Guidelines range followed by three years of supervised release is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553.

## II.     FACTS

### A.     February 12, 2020 Offense Conduct

On February 12, 2020, Washington — who had successfully fled from law enforcement in Newark, California a month earlier — was a parolee-at-large with a no-bail warrant for his arrest. Washington's apprehension that day was a carefully planned operation that involved detectives from the Redwood City Police Department, the California Department of Corrections and Rehabilitation Parole, and the California Highway Patrol.

When officers conducted a parole search of Washington's vehicle, they found his semi-automatic handgun, which he had asked his girlfriend (who was a passenger in his car) to hide for him. His gun was loaded with four live rounds of ammunition.



*Washington's loaded firearm on February 12, 2020*

1  A search of Washington's mobile phone contained recent photographs of him with firearms, including
2  the following:





24  Further, Washington's phone contained several photos of other individuals' California IDs, checks, debit
25  and credit cards, social security cards, and vehicle registrations. At least one of those individuals
26  confirmed that he was a recent victim of identity theft and had suffered a financial loss.

**B.   October 15, 2020 Arrest**

On October 15, 2020, when he was arrested by officers from the Newark Police Department (NPD), Washington was a parolee-at-large, with a no-bail felony warrant for a state parole violation and a no-bail felony warrant from his federal indictment in the instant case. On that day, Washington hid inside the residence he shared with his girlfriend. Walking out of the residence, his girlfriend told law enforcement that Washington was out of state and that she had not heard from him in a month. The situation escalated when NPD received a photograph confirming that Washington was in fact inside the residence. Because Washington was considered armed and dangerous, the NPD SWAT Team, the University of California Police Department SWAT Team, and the NPD Crisis Negotiations Team were all activated. It took nine hours — during which Washington repeatedly lied to law enforcement, including pretending to be his brother and lying about his whereabouts — before he finally surrendered.

As described in the PSR (¶ 35), Washington was convicted on an obstruction charge for his conduct on October 15, 2020, and received 3 years' probation from the Alameda County Superior Court.

**III.   GUIDELINES RANGE CALCULATIONS**

The government agrees with Probation's calculation of the offense level — 19 — in the PSR. (PSR ¶¶ 17-26.) The PSR also correctly calculates Washington's criminal history as category V. (PSR ¶¶ 29-38.) An offense level of 19 combined Criminal History Category V yields a Guidelines range of 57 to 71 months of imprisonment. (PSR ¶ 68.)

**IV.   SECTION 3553(A) FACTORS**

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, deter others from committing similar crimes, protect the public from the defendant, and rehabilitate the defendant. 18 U.S.C. § 3553(a)(2); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The statute sets forth several factors that the Court must consider in determining a just sentence: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines range for sentences; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); *Carty*,

520 F.3d at 991. The Guidelines should be the starting point and the initial benchmark. *Gall v. United States*, 552 U.S. 38, 49 (2007). Though the guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007).

While sentencing courts must consider each of the factors set forth in section 3553(a), the following merit further discussion in this case.

A.   **History and Characteristics of the Defendant**

As detailed in the PSR, Washington has a history of committing serious offences, which have resulted in nearly 20 years of prison sentences since 2001. These include:

- 2011 Convictions for Second Degree Robbery and Evading Peace Officer: In October 2008, Washington was involved in an armed robbery with an assault weapon and in association with the "Taliban" criminal street gang in East Palo Alto.[1] After the incident, he fled from law enforcement in a vehicle. In January 2011, Washington was convicted and sentenced, along with enhancements, to 9 years and 8 months in prison.

- 2008 Conviction for Felon in Possession of a Firearm: In July 2007, NPD contacted Washington in a public mall because they believed that he unlawfully possessed a firearm. When a handgun was found, Washington fled from the officers, who chased after him while Washington continued running through the parking lot and ignoring their commands. Washington ran inside a Sears store and was found only after a perimeter was established, the store was evacuated and closed, and a search was conducted inside the store. When he was taken into custody and asked for his real name, he told the officer his name was Dwight Welsch. In February 2008, Washington was convicted and sentenced to 2 years in prison.

- 2005 Conviction for Possession of Cocaine Base for Sale: In March 2005, Washington was convicted and sentenced to 5 years in prison for possessing, while on parole, cocaine base for sale. During his parole, he was returned to prison multiple times for violations.

---

[1] Washington was also charged with a string of other armed robberies and attempted robberies that occurred in the fall of 2008.

U.S. SENTENCING MEMORANDUM          5
20-CR-332 SI

He also absconded and had his term of parole revoked.

- <u>2001 Convictions for Possession of Cocaine Base for Sale and Vehicle Theft</u>: In April 2011, Washington was convicted and sentenced to 3 years in prison for the controlled substance offense and 2 years concurrent for the theft.

### B.   Nature and Circumstances of the Offense

As discussed in section II above, the nature and circumstances of the present offense warrant a meaningful custodial sentence. Even after sustaining a half-dozen felony convictions, Washington was found in unlawful possession of a loaded gun whilst he remained a parolee-at-large with a no-bail warrant for his arrest.

### C.   Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment

A meaningful period of incarceration is also necessary to promote respect for the law in this case. Washington's conduct and criminal history reflect either his inability to conform his behavior to the confines of the law or his apparent indifference to it — or both. The government's recommended sentence accounts for the seriousness of Washington's conduct, and it would both promote respect for the law and provide just punishment.

### D.   Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant

Washington's conduct must change, or he will continue to put others, and himself, at risk. Unfortunately, his prior convictions and lengthy periods of incarceration have failed to deter his criminality. The recommended sentence will be sufficient but not greater than necessary to deter future criminal conduct.

//

//

//

//

//

//

//

## V. CONCLUSION

With full consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court sentence Jaray Washington to a sentence within the Guidelines range followed by three years of supervised release.

DATED: March 2, 2022                                    Respectfully submitted,

                                              STEPHANIE M. HINDS
                                              United States Attorney

                                              */s/ Mohit Gourisaria*
                                              MOHIT GOURISARIA
                                              Assistant United States Attorney