1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  JONAH P. ROSS (CABN 305076)
   Assistant United States Attorney
5
      1301 Clay Street, Suite 340S
6     Oakland, California 94612
      Telephone: (510) 637-3680
7     FAX: (510) 637-3724
      jonah.ross@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 3:20-cr-00332-SI |
|---|---|
| Plaintiff, | ) **DETENTION ORDER** |
| v. | ) |
| JARAY WASHINGTON, | ) |
| Defendant. | ) |

On August 20. 2024, defendant Jaray Washington was arraigned on a Supervised Release Violation (Form 12), which alleged in part that there was probable cause to believe that the defendant had violated the condition of his release that he not commit another federal, state, or local crime, because between January 14, 2024 and February 2, 2024, the defendant had committed eight armed robberies affecting interstate commerce, in violation of 18 U.S.C. §1951(a).

This matter came before the Court on August 29, 2024 for a detention hearing. The defendant was present and represented by his attorney, John Jordan. Assistant United States Attorney Jonah Ross appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on

the record, the Court finds that the defense failed to meet its burden—pursuant to Federal Rule of Criminal Procedure 32.1(a)(6)—to prove by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or to the community.  Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).  As noted on the record, the Court makes the following findings as the bases for its conclusion:  the defendant's criminal history (including but not limited to prior convictions for robbery and for possessing a firearm as a felon), the proffered allegation that he robbed at gunpoint at least eight businesses in Alameda County between January 14, 2024 and February 2, 2024, and his history of attempting to evade arrest (including by leading police on multiple high-speed car chases), lead the Court to conclude that the defendant has failed to meet his burden to prove by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community.  This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: September 5, 2024

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge